1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JACOB WILKINS-SMITHSON and
ROSALIE CASWELL-SMITHSON
husband and wife,

  PLAINTIFFS,

  VS.

CITY of COEUR D'ALENE, an Idaho
municipal corporation,  LEE WHITE,
Chief of COEUR D'ALENE POLICE
DEPARTMENT; JUSTIN BANGS, as
an agent of COEUR D'ALENE
POLICE DEPARTMENT; RYAN
SKAY, as an agent of COEUR
D'ALENE POLICE DEPARTMENT;
KYLE CANNON, as an agent of
COEUR D'ALENE POLICE
DEPARTMENT; JOSHUA
SCHNEIDER, as an agent of COEUR
D'ALENE POLICE DEPARTMENT;
ERIC NORDMAN, as an agent of
COEUR D'ALENE  POLICE
DEPARTMENT; JACOB NIELSEN,
as an agent of COEUR D'ALENE
POLICE DEPARTMENT; ANDERS
TENNEY, as an agent of COEUR

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  2:19-cv-00311

COMPLAINT -- FOR DAMAGES
AND OTHER RELIEF PURSUANT
TO 42 U.S.C. §1983, § 1988, AND
JURY DEMAND

COMPLAINT AND JURY DEMAND - 1

1  D'ALENE POLICE DEPARTMENT;    )
   LEE MORGAN, as an agent of    )
2  COEUR D'ALENE POLICE          )
   DEPARTMENT; CRAIG WADE, as    )
3  an agent of COEUR D'ALENE     )
   POLICE DEPARTMENT; ZACH       )
4  JOHNS, as an agent of COEUR   )
   D'ALENE POLICE DEPARTMENT;    )
5  ALLEY UKICH, as an agent of   )
   COEUR D'ALENE POLICE          )
6  DEPARTMENT; JOHN AND JANE     )
   DOE, as agents with knowledge and )
7  responsibility of the COEUR D' )
   ALENE POLICE DEPARTMENT;      )
8  KOOTENAI COUNTY, a political  )
   subdivision of the State of Idaho, )
9  DONNA GARDNER as an agent of  )
   KOOTENAI COUNTY; JUSTIN       )
10 BANGS and JANE DOE BANGS,     )
   husband and wife; and DONNA   )
11 GARDNER, and JOHN DOE         )
   GARDNER, husband and wife.    )
12                               )
            DEFENDANTS.          )
13                               )
14 _____   )
15
16
17          COMES NOW the Plaintiff for cause of action against the Defendants,

18 allege as follows:

19
20                           **I. PARTIES**

21 1.1.    Plaintiffs JACOB WILKINS-SMITHSON and ROSALIE CASWELL-

22          SMITHSON are residents of Bonner County, Idaho.

23
24
25

COMPLAINT AND JURY DEMAND - 2

1.2.   Defendant CITY OF COEUR D'ALENE is a municipal corporation incorporated under the laws of the State of Idaho.

1.3.   At all times relevant hereto, LEE WHITE, was the Chief of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.4.   At all times relevant hereto, JUSTIN BANGS was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.5.   At all times relevant hereto, RYAN SKAY was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.6.   At all times relevant hereto, KYLE CANNON was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.7.   At all times relevant hereto, JOSHUA SCHNEIDER was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.8.   At all times relevant hereto, ERIC NORDMAN was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

COMPLAINT AND JURY DEMAND - 3

1.9.   At all times relevant hereto, JACOB NIELSEN was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.10.   At all times relevant hereto, ANDERS TENNEY was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.11.   At all times relevant hereto, LEE MORGAN was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.12.   At all times relevant hereto, ALLEY UKICH was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of her employment.

1.13.   At all times relevant hereto, ZACH JOHNS was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

1.14.   At all times relevant hereto, CRAIG WADE was an agent of the COEUR D'ALENE POLICE DEPARTMENT acting within the scope of his employment.

COMPLAINT AND JURY DEMAND - 4

1.15.  At all times relevant hereto, JOHN AND JANE DOE agents of the COEUR D'ALENE POLICE DEPARTMENT with knowledge and responsibility, acting within the scope of their employment.

1.16.  Defendant KOOTENAI COUNTY is a political sub-division of the State of Idaho.

1.17.  At all times relevant hereto, Defendant DONNA GARDNER was an agent of KOOTENAI COUNTY.

1.18.  Upon information and belief, at all times relevant hereto, Defendants JUSTIN BANGS and JANE DOE BANGS, whose name is currently unknown, were residents of Kootenai County, Idaho.

1.19.  Upon information and belief, at all times relevant hereto, Defendants DONNA GARDNER and JOHN DOE GARDNER, whose name is currently unknown, were residents of Kootenai County, Idaho.

## II. JURISDICTION.

2.1  Paragraphs 1.1 through 1.19 are incorporated by reference.

2.2  This court has jurisdiction over these matters because the action arises under Section 1983, the Fourth Amendments to the United States Constitution and by virtue of 28 U.S.C. §1331, §1343(3) & (4) and §1367(a).

2.3  The incident in question occurred in Kootenai County, Idaho.

COMPLAINT AND JURY DEMAND - 5

## III. STATEMENT OF FACTS

Paragraphs 1.1 through 2.3 are incorporated by reference.

3.1 Plaintiff JACOB WILKINS-SMITHSON has a history of post-traumatic stress disorder and traumatic brain injury.

3.2 Plaintiff JACOB WILKINS-SMITHSON's residence is immediately adjacent to the Coeur D'Alene Rifle & Pistol club. Ex. A

3.3 On August 19, 2017, Plaintiff JACOB WILKINS-SMITHSON awoke from a nap in a confused and agitated state.

3.4 Plaintiff JACOB WILKINS-SMITHSON believed his wife had pointed a gun at him and he was in danger.

3.5 Plaintiff JACOB WILKINS-SMITHSON ran out of his residence.

3.6 Plaintiff JACOB WILKINS-SMITHSON ran to a neighbor house who was a law enforcement officer and knocked on the door.

3.7 The law enforcement officer was not home.

3.8 Plaintiff JACOB WILKINS-SMITHSON contacted a neighbor at his residence and asked permission to use his cellular phone to call 911.

3.9 At 6:07 p.m., Plaintiff JACOB WILKINS-SMITHSON made a 911 call to the COEUR D'ALENE 911 operator.

3.10 Plaintiff JACOB WILKINS-SMITHSON told the 911 operator that he and his wife were having an argument and she pointed a gun in his face.

COMPLAINT AND JURY DEMAND - 6

3.11   The COEUR D'ALENE 911 operator asked Plaintiff JACOB WILKINS-SMITHSON where he was.

3.12   Plaintiff JACOB WILKINS-SMITHSON advised the 911 operator "I'm outside of my house; I'm outside of my house."

3.13   The 911 operator notified the CDAPD and reported that "a gun had been pointed, and the victim was outside of the residence."

3.14   The dispatched CDAPD units arrived, including a K9 unit.

3.15   Plaintiff JACOB WILKINS-SMITHSON was standing kiddy corner across the street in a neighbor's lawn on the west side of the street and was not impeding the investigation. See Exhibit A.

3.16   CDAPD Officers SCHNEIDER, NORDMAN and SKAY approached the 3063 W. Versailles Drive residence from the north on the east side of the street.

3.17   CDAPD officers SCHNEIDER, NORDMAN and SKAY saw Plaintiff JACOB WILKINS-SMITHSON standing on the yard and asked him to "come here."

3.18   Plaintiff JACOB WILKINS-SMITHSON stated "you come here."

3.19   CDAPD officers SCHNEIDER, NORDMAN and SKAY walked across from the east side of the street to the west side of the street.

3.20   CDAPD officers SCHNEIDER, NORDMAN and SKAY asked Plaintiff JACOB WILKINS-SMITHSON to come to their location.

COMPLAINT AND JURY DEMAND - 7

3.21   CDAPD officers SCHNEIDER, NORDMAN and SKAY were joined by Officer TENNEY.

3.22    CDAPD officers asked JACOB WILKINS-SMITHSON whether his wife was still in the house.

3.23   Plaintiff JACOB WILKINS-SMITHSON said "she is in the house."

3.24   CDAPD Officers BANGS, NEILSON AND WADE approached the residence from the south side.

3.25   At 6:12 p.m., CDAPD Officer SCHNEIDER directed Officer SKAY to move Plaintiff JACOB WILKINS-SMITHSON, the 911 caller, from the location he was standing and if he didn't move, to "put him in handcuffs."

3.26   CDAPD Officers SCHNEIDER, TENNEY and NORDMAN were on the north east side of the residence with their assault weapons at low-ready.

3.27   CDAPD officers CANNON and UKICH were running facing the residence where the alleged assault had occurred with a handgun.

3.28   CDAPD Officers SCHNEIDER and NORDMAN were facing the residence.

3.29   Officer SKAY walked toward Plaintiff and said "get over here."

3.30   Plaintiff JACOB WILKINS-SMITHSON responded "don't kill her."

3.31   Officer SKAY again told Plaintiff JACOB WILKINS-SMITHSON to "get over here please now."

3.32   Plaintiff JACOB WILKINS-SMITHSON said "I'm standing right here."

COMPLAINT AND JURY DEMAND - 8

3.33   Officer SKAY walked over to Plaintiff JACOB WILKINS-SMITHSON.

3.34   Plaintiff JACOB WILKINS-SMITHSON said "don't touch me."

3.35   Officer SCHNEIDER told Officer CANNON to assist with Officer SKAY.

3.36   Officer CANNON changed directions and began running towards Officer

SKAY.

3.37   Officer SKAY said, "ok, you're going in cuffs."

3.38   Officer SKAY provided no explanation for his commands.

3.39   Officer SKAY did not advise Plaintiff JACOB WILKINS-SMITHSON he

could possibly be in the line of fire or was in any danger.

3.40   Plaintiff JACOB WILKINS-SMITHSON did not know he was in danger.

3.41   Plaintiff JACOB WILKINS-SMITHSON was confused about being ordered

to come closer to where the police who were surrounding the residence.

3.42   Plaintiff was wearing shorts and a t-shirt.

3.43   Plaintiff's hands were in plain sight up in front of his body with his palms

open. Ex. B

3.44   Officer SKAY did not observe a weapon.

3.45   Officer SKAY grabbed Plaintiff JACOB WILKINS-SMITHSON left hand,

and pulled it towards his chest and his mounted Patrol Rifle. Ex. C

3.46   Plaintiff JACOB WILKINS-SMITHSON made no attempt to grab the rifle.

Ex. C.

COMPLAINT AND JURY DEMAND - 9

3.47   CDAPD Officer SKAY spun Plaintiff JACOB WILKINS-SMITHSON by his left hand and threw him to the ground.

3.48   Plaintiff JACOB WILKINS-SMITHSON said "you need to stop fuckin-" as he was thrown to the ground landing on his side.

3.49   Officer SKAY mounted Plaintiff and punched Plaintiff JACOB WILKINS-SMITHSON in the face.

3.50   CDAPD Officer CANNON continued to run toward Plaintiff JACOB WILKINS-SMITHSON.

3.51   CDAPD Officer CANNON mounted Plaintiff JACOB WILKINS-SMITHSON who was now on his back.

3.52   CDAPD Officer CANNON punched Plaintiff JACOB WILKINS-SMITHSON at least seven times in his face and body and delivered knee strikes to his ribs.

3.53   CDAPD Officers yell at Plaintiff JACOB WILKINS-SMITHSON to "stop resisting".

3.54   Plaintiff JACOB WILKINS-SMITHSON repeatedly yelled "I'm not resisting"

3.55   CDAPD Officers yelled at Plaintiff JACOB WILKINS-SMITHSON to "get on your stomach".

COMPLAINT AND JURY DEMAND - 10

3.56   Plaintiff JACOB WILKINS-SMITHSON responded "get off of me so I can."

3.57   Plaintiff JACOB WILKINS-SMITHSON was rolled over onto his stomach.

3.58   CDAPD Officers yelled at Plaintiff JACOB WILKINS-SMITHSON to "get your arms out".

3.59   Plaintiff JACOB WILKINS-SMITHSON responded, "I am, they are!"

3.60   Plaintiff JACOB WILKINS-SMITHSON was face down on his stomach.

3.61   Plaintiff JACOB WILKINS-SMITHSON had his arms out. Ex. D

3.62   Plaintiff was unarmed.

3.63   Plaintiff was controlled.

3.64   Plaintiff was not going anywhere.

3.65   Plaintiff was being handcuffed.

3.66   Officer JUSTIN BANGS ran to the location with his K9.

3.67   Plaintiff JACOB WILKINS-SMITHSON was lying face down on his stomach.

3.68   CDAPD Officer JUSTIN BANGS walked around the officers who had control of Plaintiff JACOB WILKINS-SMITHSON.

3.69   At 6:13 P.M. Officer BANGS "deployed" the K-9 to Plaintiff's left calf.

3.70   Officer BANGS gave no audible warning.

COMPLAINT AND JURY DEMAND - 11

3.71   The K-9 viciously attacked Plaintiff JACOB WILKINS-SMITHSON's left calf.

3.72   Plaintiff JACOB WILKINS-SMITHSON pled with officers to stop.

3.73   Plaintiff JACOB WILKINS-SMITHSON had the handcuffs tightly secured within 14 seconds of the K9 being deployed.

3.74   Plaintiff JACOB WILKINS-SMITHSON yelled out in excruciating pain.

3.75   CDAPD Officer BANGS continued to order the K9 to bite Plaintiff JACOB WILKINS-SMITHSON's left calf.

3.76    Plaintiff JACOB WILKINS-SMITHSON pleaded "I know you guys are excited, but please, just stop!"

3.77    Plaintiff JACOB WILKINS-SMITHSON pleaded "Oh my god, please, this is unbelievable!"

3.78   CDAPD Officer BANGS deployed the K9 for 37 seconds after Plaintiff JACOB WILKINS-SMITHSON was handcuffed.

3.79   CDAPD Officer BANGS gave the command to attack; 8 times while Plaintiff JACOB WILKINS-SMITHSON was subdued.

3.80   CDAPD Officer BANGS ordered the K9 to release its grip from Plaintiff JACOB WILKINS-SMITHSON's leg 51 seconds after he initially ordered the K9 to bite.

COMPLAINT AND JURY DEMAND - 12

3.81   Plaintiff ROSALIE CASWELL-SMITHSON heard the altercation from inside her house.

3.82   Plaintiff ROSALIE CASWELL-SMITHSON exited her residence through the front door.

3.83   Plaintiff ROSALIE CASWELL-SMITHSON appeared confused.

3.84   Plaintiff ROSALIE CASWELL-SMITHSON was ordered to lie face down on her front lawn.

3.85   She was handcuffed by CDAPD Officers.

3.86   Plaintiff ROSALIE CASWELL-SMITHSON informed CDAPD Officer NORDMAN that no one else was in the residence and a gun for personal protection was in gun safe.

3.87   CDAPD officers left Plaintiff JACOB WILKINS-SMITHSON face down on the sidewalk for two minutes and thirty seconds before attempting to render aid or evaluate Plaintiff's injuries.

3.88   CDAPD officer SCHNEIDER says: "listen to me, you do not fuck around, understand?"

3.89   Plaintiff JACOB WILKINS-SMITHSON says: "yes, how can I help?"

3.90   Plaintiff JACOB WILKINS-SMITHSON flesh was left on the sidewalk Ex. E

COMPLAINT AND JURY DEMAND - 13

3.91   CDAPD officers forced Plaintiff JACOB WILKINS-SMITHSON to his feet and had him walk to a location further away from the sidewalk where he was lying.  See Ex A.

3.92   Plaintiff JACOB WILKINS-SMITHSON asked for help.

3.93   Plaintiff JACOB WILKINS-SMITHSON asked for an ambulance.

3.94   CDAPD officers advised Plaintiff JACOB WILKINS-SMITHSON that an ambulance was on the way.

3.95   CDAPD officer ALLEY UKICH advised Plaintiff JACOB WILKINS-SMITHSON "not to look at it, it will make it worse."

3.96   CDAPD officers forced Plaintiff JACOB WILKINS-SMITHSON to walk to a police cruiser.

3.97   Plaintiff JACOB WILKINS-SMITHSON continued to ask for an ambulance.

3.98   CDAPD officers, upon information and belief, told Plaintiff JACOB WILKINS-SMITHSON an ambulance was on location and he needed to walk to it.

3.99   CDAPD Officers forced Plaintiff JACOB WILKINS-SMITHSON to walk to another police cruiser.

3.100 Plaintiff JACOB WILKINS-SMITHSON had his leg temporarily bandaged.

3.101 Plaintiff JACOB WILKINS-SMITHSON asked for an ambulance no less than ten times.

COMPLAINT AND JURY DEMAND -  14

3.102 At 6:35 p.m., CDAPD Officers CANNON, BANGS, TENNEY, SCHNEIDER entered Plaintiff's residence without obtaining a warrant.

3.103 At 6:44 p.m., a CDAPD officer read Plaintiff JACOB WILKINS-SMITHSON his Miranda Warnings.

3.104 At 6:45 p.m., Plaintiff JACOB WILKINS-SMITHSON invoked his Miranda Rights.

3.105 At 6:50 p.m., CDAPD officers advise Plaintiff he is under arrest for battery on a police officer and resisting arrest.

3.106 CDAPD Officers told Plaintiff JACOB WILKINS-SMITHSON the ambulance had left, and they had to transport him themselves.

3.107 At 6:58 p.m., 45 minutes after the K9 attack, Plaintiff JACOB WILKINS-SMITHSON arrived at Kootenai Medical Center.

3.108 CDAPD Officers canvassed the neighborhood searching for witnesses to the incident.

3.109 At 7:07 p.m., during the canvass CDAPD Officer JOHNS instructed neighbors to contact Plaintiff's landlord and home owners association for the purpose of "getting them out of here".

3.110 At 7:28 p.m., CDAPD officer BANGS arrived at the hospital and confronted Plaintiff JACOB WILKINS-SMITHSON in the emergency room.

3.111 CDAPD officer BANGS identified himself to Plaintiff.

COMPLAINT AND JURY DEMAND - 15

3.112 CDAPD officer BANGS continued to question Plaintiff about his injuries.

3.113 Plaintiff JACOB WILKINS-SMITHSON asked officer BANGS whether he was the officer with the police dog.

3.114 Officer BANGS confirmed he was the officer with the police dog.

3.115 Plaintiff JACOB WILKINS-SMITHSON asked officer BANGS "did you know I'm the fella that called you guys for help, and you are the son of a bitch that, as soon as I was in handcuffs, you still let your dog fucking bite me? You are a chump."

3.116 Plaintiff JACOB WILKINS-SMITHSON exercised his Miranda Rights again.

3.117 Plaintiff JACOB WILKINS-SMITHSON had emergency surgery.

3.118 After surgery was completed, upon information and belief, the treating surgeon wanted JACOB WILKS-SMITHSON to remain in the hospital for observation and evaluation.

3.119 Upon information and belief, CDAPD officers, against medical advice, transported JACOB WILKINS-SMITHSON to Kootenai County Jail.

3.120 Plaintiff JACOB WILKINS-SMITHSON was initially charged with the crimes of BATTERY ON A POLICE OFFICER, I.C. §18-903, §18-915(3), and OBSTRUCTING A POLICE OFFICER I.C. §18-705.

COMPLAINT AND JURY DEMAND - 16

3.121 Officer CANNON wrote in his police report that Plaintiff JACOB

WILKINS-SMITHSON, was "postured up reaching a hand towards officer

SKAY's face" and once he was taken down that he "cored up" resisting arrest.

3.122 Officer BANGS wrote in his police report that he saw Plaintiff JACOB

WILKINS-SMITHSON "clench his right hand into a fist and begin to

physically resist"

3.123 Officer SCHNEIDER wrote in his use of force report that Plaintiff JACOB

WILKINS-SMITHSON clawed at Officer SKAY's eyes, but made no mention

of all of Plaintiff JACOB WILKINS-SMITHSON'S representations he was not

resisting and attempting to comply with officer's commands when the K9 unit

was deployed, or that Officer BANGS continued to order the K9 to bite after

the 911 caller had been handcuffed.

3.124 None of the responding officers mention Plaintiff JACOB WILKINS-

SMITHSON's cries for help in their reports.

3.125 Plaintiffs were evicted from their home within a week of the incident.

3.126 On August 30, 2017 Defendant Deputy Prosecuting Attorney DONNA

GARDNER sought to pressure Plaintiff to plead guilty to Battery on a Police

Officer.

3.127 On September 26, 2017 a preliminary hearing was held before a magistrate

Judge.

COMPLAINT AND JURY DEMAND - 17

3.128 Defendant Deputy Prosecuting Attorney DONNA GARDNER only showed the Magistrate the body camera footage of Police Officer SKAY.

3.129 Defendant Deputy Prosecuting Attorney DONNA GARDNER did not present the video footage from the other officer's, including Officer BANGS and Officer CANNON, and Police cruiser dash board video cameras that would provide context to the officer's claims.

3.130 Officer SKAY testified he never told Plaintiff JACOB WILKINS-SMITHSON he was in the line of fire.

3.131 Officer SKAY testified that he never told Plaintiff JACOB WILKINS-SMITHSON why he wanted him to move.

3.132 Officer SKAY testified he did not remember seeing Plaintiff JACOB WILKINS-SMITHSON put his hands upwards with his palms out.

3.133 Officer SKAY testified he employed an arm-bar-takedown of Plaintiff JACOB WILKINS-SMITHSON for his own safety.

3.134 Officer SKAY testified that Plaintiff JACOB WILKINS-SMITHSON attempted to gouge his eye.

3.135 Officer SKAY testified Plaintiff JACOB WILKINS-SMITHSON attempted grab his Patrol Rifle.

3.136 Officer SKAY testified Plaintiff JACOB WILKINS-SMITHSON attempted "core-up", by placing his hands under his body to resist arrest.

COMPLAINT AND JURY DEMAND - 18

3.137 The video footage presented to the magistrate showed Plaintiff made no effort to commit BATTERY ON A POLICE OFFICER, I.C. §18-903, §18-915(3) or REMOVING A FIREARM FROM A LAW ENFORCEMENT OFFICER I.C. §18-915A.

3.138 The additional video footage showed Plaintiff JACOB WILKINS-SMITHSON never "postured up reaching a hand towards officer SKAY's face" or "cored up" as represented in Officer CANNON's report and officer SKAY's testimony.

3.139 The additional video footage showed Plaintiff JACOB WILKINS-SMITHSON did not "clench his right hand into a fist and begin to physically resist" as represented in Officer BANGS's report and Officer SKAY's testimony.

3.140  The video footage showed Plaintiff JACOB WILKINS-SMITHSON's made no attempt to claw at Officer SKAYS's eyes as represented in Officer SCHNEIDER'S report and Officer SKAY's Testimony.

3.141 Defendant Deputy Prosecuting Attorney DONNA GARDNER informed the Magistrate at the preliminary hearing she intended to amend the criminal complaint against Plaintiff JACOB WILKINS-SMITHSON to include MAKING A FALSE "911" COMPLAINT I.C. §18-6711A, and REMOVING A FIREARM FROM A LAW ENFORCEMENT OFFICER I.C. §18-915A.

COMPLAINT AND JURY DEMAND - 19

3.142 The court made a finding of no evidence or probable cause for the charge of MAKING A FALSE "911" COMPLAINT I.C. §18-6711A.

3.143 On October 2, 2017, the amended complaint was filed charging the two additional counts.

3.144 Prior to trial, deputy prosecuting attorney DONNA GARDNER sought an arrest warrant for ROSALIE CASWELL-SMITHSON, upon information, and belief as a material witness.

3.145 ROSALIE CASWELL-SMITHSON had not been subpoenaed or failed to comply with any legal process.

3.146 Upon information and belief, the warrant was issued without a legal basis.

3.147 Prior to trial, Defendant deputy prosecuting attorney DONNA GARDNER dismissed the charges of OBSTRUCTING A POLICE OFFICER AND MAKING A FALSE '911' COMPLAINT.

3.148 Plaintiff JACOB WILKINS SMITHSON was prosecuted for the most serious felony crimes of BATTERY ON A POLICE OFFICER, I.C. §18-903, §18-915(3), and REMOVING A FIREARM FROM A LAW ENFORCEMENT OFFICER I.C. §18-915A.

3.149 On January 16, 2018, a jury trial commenced on the charges of BATTERY ON A POLICE OFFICER, I.C. §18-903, §18-915(3), REMOVING A FIREARM FROM A LAW ENFORCEMENT OFFICER I.C. §18-915A.

COMPLAINT AND JURY DEMAND - 20

3.150 Plaintiff faced up to 10 years or more in confinement in the State penitentiary or more.

3.151 Officer SKAY, Defendant Officer BANGS, and Officer CANNON were confronted with the videos at trial.

3.152 Upon information and belief, the video evidence was crucial in impeaching the testimony of Officers SKAY, BANGS and CANNON.

3.153 On January 22, 2018, a jury acquitted Plaintiff of all charges.

3.154 Upon information and belief, the prosecution of Plaintiff JACOB WILKINS-SMITHSON was motivated by malice and/or other improper motives, including a desire to protect the CDAPD from civil liability for excessive force in employing the K9 while Plaintiff JACOB WILKINS-SMITHSON was handcuffed.

3.155 Plaintiff JACOB WILKINS-SMITHSON spent several weeks recovering in a wheel chair.

3.156 Plaintiff JACOB WILKINS-SMITHSON spent several months on crutches.

3.157 Plaintiff JACOB WILKINS-SMITHSON still uses a cane.

3.158 Plaintiff JACOB WILKINS-SMITHSON received grievous injuries, including lacerations, permanent nerve damage and extensive scarring, incurred medical bills, and will incur future medical bills to be determined at trial. Ex. F

COMPLAINT AND JURY DEMAND - 21

3.159 Plaintiff JACOB WILKINS-SMITHSON's post-traumatic stress disorder symptoms were aggravated.

3.160 Plaintiff JACOB WILKINS-SMITHSON now suffers night terrors.

3.161 Plaintiff JACOB WILKINS-SMITHSON is hyper vigilant around German Shepherds.

3.162 Plaintiff JACOB WILKINS-SMITHSON now has increased anxiety when in large groups of people.

3.163 Plaintiff JACOB WILKINS-SMITHSON now has a fear of the police.

### IV. FIRST CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: UNREASONABLE SEIZURE OF A PERSON

4.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 3.163, above.

4.2 Plaintiff brings this action pursuant to 42 U.S.C. §1983.

4.3 Defendants, under color of state law, unreasonably seized Plaintiff JACOB WILKINS-SMITHSON without probable cause in violation of the Plaintiffs' rights under the Constitution of the United States, specifically the Fourth Amendment.

3.164 CDAPD Officers told Plaintiff JACOB WILKINS-SMITHSON the ambulance had left, and they had to transport him themselves.

COMPLAINT AND JURY DEMAND - 22

4.4 Officer SCHNEIDER did not provide a lawful order to officer SKAY to put Plaintiff JACOB WILKINS-SMITHSON in handcuffs if he did not move from the location away from the scene.

4.5 Officer SCHNEIDER did not have reasonable suspicion or probable cause to detain when JACOB WILKINS-SMITHSON.

4.6 Plaintiff JACOB WILKINS-SMITHSON was not a suspect in a crime.

4.7 Police Officer SKAY did not have reasonable suspicion that Plaintiff JACOB WILKINS-SMITHSON was involved in any criminal activity.

4.8  When Officer SKAY walked toward Plaintiff JACOB WILKINS-SMITHSON, no reasonable police officer would conclude that Plaintiff JACOB WILKINS-SMITHSON knew he was being asked to move for his own safety as the house was surrounded by CDAPD officers.

4.9 No reasonable police officer would conclude that Plaintiff JACOB WILKINS-SMITHSON knew why he was being wrestled to the ground unless he was first asked to move to a location for his own safety.

4.10   No reasonable Police Officer would conclude that Plaintiff JACOB WILKINS-SMITHSON posed a danger to himself or the public and needed to be detained as a function of community caretaking. *United States v. King*, 990 F.2d 1552, 1560 (10th Cir.1993)

COMPLAINT AND JURY DEMAND - 23

4.11   At all times relevant, Plaintiff JACOB WILKINS-SMITHSON maintained his constitutional protection of freedom of movement and freedom of assembly that cannot be infringed without reasonable suspicion, probable cause, or identifying a clear and present danger to himself.

4.12   At all times relevant, Plaintiff JACOB WILKINS-SMITHSON would have moved to a safer location if he was told the request was for his own safety and not for unconstitutional reasons.

4.13   Defendant RYAN SKAY violated Plaintiff JACOB WILKINS SMITHSON'S clearly established constitutional right to be free from unreasonable seizure without probable cause.

4.14   The CITY OF COEUR D'ALENE is vicariously liable for the acts and omissions of its officers committed within the scope of their employment.

## V. SECOND CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: EXCESSIVE FORCE

5.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 4.14, above.

5.2 Plaintiff brings this action pursuant to 42 U.S.C. §1983.

5.3 Defendants, under color of state law, unreasonably seized the Plaintiff through the use of excessive force in violation of the Plaintiffs' rights under the Constitution of the United States, specifically including the Fourth and Fourteenth Amendments.

COMPLAINT AND JURY DEMAND - 24

5.4 Defendant JUSTIN BANGS acted with reckless disregard for Plaintiff's clearly established constitution rights. *Watkins v. City of Oakland*, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998); *Cooper v. Brown*, 156 F. Supp. 3d 818, 826 (N.D. Miss. 2016).

5.5 Defendant JUSTIN BANGS violated Plaintiff's clearly established constitutional right not to have a K9 deployed when he was subdued and controlled by other officers.

5.6 Defendant JUSTIN BANGS continued to violate Plaintiff clearly establish constitutional right not to have a K9 deployed when he was handcuffed for 37 seconds.

5.7 CDAPD policy manual, §315.2 provides an officer may use a canine to locate and apprehend a suspect when the officer reasonably believes the individual has either committed, and threatened to commit any criminal offense and any of the following conditions exist:

    a) There is a reasonable belief that the individual poses an imminent threat of violence or serious harm to the public, any member or the handler.

    b) The individual is physically resisting or threatening to resist arrest and the use of a canine reasonably appears to be necessary to overcome such resistance.

COMPLAINT AND JURY DEMAND - 25

c) The individual is believed to be concealed in an area where entry by other than the canine would pose a threat to the safety of members or the public.

5.8 CDAPD policy manual, §315.2.1 provides the handler should consider all pertinent information that is available at the time including:

a) The degree of resistance or threatened resistance the subject has shown (i.e. verbal threats, threats or display of weapon, drug use mental state)

b) The potential for escape or flight if the canine is not utilized.

c) The potential for injury to members or the public caused by the suspect if the canine is not utilized.

5.9 CDAPD policy manual § 315.2.2 provides that "unless it would otherwise increase the risk of injury or escape, a clearly audible warning to announce that a canine will be released if the person does not come fourth, shall be made prior to releasing a canine."

5.10 Upon information and belief, the day in question was Defendant JUSTIN BANG's first duty day as a K9 officer.

5.11 Upon information and belief, Defendant JUSTIN BANGS violated his training

COMPLAINT AND JURY DEMAND - 26

5.12  Defendant JUSTIN BANGS violated CDAPD policy when deploying the
      K9.

5.13  The K9 force employed was excessive.

5.14  The K9 force was unreasonable and unnecessary under the circumstances

5.15  The CITY OF COEUR D'ALENE is vicariously liable for the acts and
      omissions of its officers committed within the scope of their employment.

**VI. THIRD CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION
UNDER 42 U.S.C. § 1983: DENIAL OF PROMPT MEDICAL ATTENTION.**

6.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 5.15, above.

6.2 Plaintiff brings this action pursuant to 42 U.S.C. §1983.

6.3 Defendants, under color of state law, Denied Plaintiff JACOB WILKINS-
    SMITHSON rights to due process contrary to the Constitution of the United
    States, specifically the fifth and fourteenth Amendments.

6.4 Defendant's CANNON, UKICH, BANGS, SKAY, NORDMAN, JOHNS,
    TENNY, NEILSEN, SCHNEIDER, WADE, MORGAN, and TURRELL,
    violated Plaintiff's clearly established constitutional right to receive medical
    treatment after being apprehended. *City of Revere v. Massachusetts Gen. Hosp*.,
    463 U.S. 239, 244 (1983).

6.5 CDAPD Officers CANNON, UKICH, BANGS, SKAY, NORDMAN, JOHNS,
    TENNY, NEILSEN, SCHNEIDER, WADE, MORGAN, and TURRELL, acted

COMPLAINT AND JURY DEMAND - 27

with deliberate indifference to the serious medical needs of Plaintiff JACOB

WILKINS-SMITHSON, by not providing an ambulance, and needlessly

delaying his transfer to a medical facility for 45 minutes after the initial

incident. *Estate of Owensby v. City of Cincinnati*, 414 F.3d 596, 602 (6th Cir.

2005).

## VII. FOURTH CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: UNREASONABLE SEARCH OF A RESIDENCE

7.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 5.8., above.

Plaintiff brings this action pursuant to 42 U.S.C. §1983.

7.2 Defendants, under color of state law, intentionally and unreasonably searched

Plaintiff's home in violation of the Plaintiffs' rights under the Constitution of

the United States, specifically the Fourth and Fourteenth Amendment.

7.3 Plaintiffs were both handcuffed outside of their residence.

7.4 There was sufficient time to obtain a warrant.

7.5 No exigent circumstances existed.

7.6 CDAPD Officers did not obtain a warrant.

7.7 There was no justification to perform a protective sweep of the residence.

7.8 Defendants violated Plaintiff's clearly established constitutional right to be free

from a search of their home without a warrant.

COMPLAINT AND JURY DEMAND - 28

7.9 The CITY OF COEUR D'ALENE is vicariously liable for the acts and omissions of its officers committed within the scope of their employment.

## VIII. FIFTH CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: FAILURE TO TRAIN

8.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 7.9, above.

8.2 The Defendants, under color of state law, Denied Plaintiff's fourth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws.

8.3 The training policies of Defendant CITY OF COEUR D'ALENE does not adequately to train CDAPD Officers in the proper constitutional process prior to placing someone in handcuffs, employing force to handcuff citizens not suspected of committing a crime, reasonable suspicion, probable cause, use of force, K9 force, and search of homes without a warrant.

8.4 Defendant CITY OF COEUR D'ALENE was deliberately indifferent to the substantial risk that its policies were inadequate to prevent the obvious consequences of its failure to train its police officers, in the use of handcuffs without probable cause or reasonable suspicion, use of force, deployment of K9, proper advisement to citizens when taking them into custody for their own safety, and searches of homes when exigent circumstances no longer exist.

COMPLAINT AND JURY DEMAND - 29

8.5 The failure of Defendant CITY OF COEUR D'ALENE, to train its police officers is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injuries.

## IX. SIXTH CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: MALICIOUS PROSECUTION

9.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 8.5, above.

9.2 The Defendants, under color of state law, denied Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws.

9.3 Defendants violated Plaintiff's constitutional rights when Defendant Kootenai County Deputy Prosecuting Attorney, DONNA GARDNER maliciously prosecuted Plaintiff JACOB WILKINS-SMITHSON without probable cause. *Manuel v. City of Joliet*, *Ill.*, 137 S. Ct. 911 (2017).

9.4 At the preliminary hearing, all the evidence was not available to the magistrate to have a full and fair hearing to determine whether probable cause existed on the charges BATTERY ON A POLICE OFFICER, I.C. §18-903, §18-915(3), REMOVING A FIREARM FROM A LAW ENFORCEMENT OFFICER I.C. §18-915A.

9.5 If all the evidence video tape closely examined prior to the hearing, there is no evidence that Plaintiff JACOB WILKINS-SMITHSON grabbed for Officer SKAY's weapon.

9.6 Collateral estoppel for probable cause is not appropriate in this case. *Picante v. Miner*, No. 45499, 2019 WL 2399626, at *3 (Idaho June 7, 2019).

9.7 At the preliminary hearing, the court was not provided with the video camera evidence from Officer BANGS, CANNON, or the dash board cameras from police cruisers.

9.8 The jury found Plaintiff not guilty.

9.9 Plaintiff suffered the possibility of confinement in prison for up to 10 years.

9.10   Plaintiff incurred extreme emotional distress, damage to his reputation, and other special and general damages proximately caused by Defendants acts and omissions in violation of his constitutional rights.

9.11   Defendant KOOTENAI COUNTY is vicariously liable for acts and omissions of Defendant Deputy Prosecuting Attorney DONNA GARDNER which were committed within the scope of their employment.

## X. SEVENTH CAUSE OF ACTION FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: ABUSE OF PROCESS

10.1 Plaintiffs hereby incorporate by reference paragraphs 1.1 through 9.11, above.

COMPLAINT AND JURY DEMAND - 31

10.2 The Defendants, under color of state law, Denied Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws.

10.3 Upon information and belief, Defendant DONNA GARDNER abused the legal process to shield the CDAPD from civil liability for excessive force, by continuing  to prosecute plaintiff on the charges of BATTERY ON A POLICE OFFICER, I.C. §18-903, §18-915(3), REMOVING A FIREARM FROM A LAW ENFORCEMENT OFFICER I.C. §18-915A without probable cause. *Cook v. Sheldon,* 41 F.3d 73, 79 (2d Cir. 1994).

10.4 KOOTENAI COUNTY is vicariously liable for the acts and omissions of Deputy Prosecuting Attorney DONNA GARDNER within the scope of her employment.

## XI. JURY DEMAND

11.1   Plaintiffs hereby demand a trial by jury on all issues pursuant to the Seventh Amendment of the United States Constitution and F.R.C.P. 38 (b).

## XII. PRAYER FOR RELIEF

Plaintiffs JACOB WILKINS-SMITHSON and ROSALIE CASWELL-SMITHSON pray for judgment against the Defendants, and each of them, jointly and severally, as follows:

1.  For damages to Plaintiffs in amounts to be awarded by the trier of fact.

COMPLAINT AND JURY DEMAND - 32

2. For punitive damages against Defendants JUSTIN BANGS and JANE DOE BANGS, husband and wife, DONNA GARDNER, and JOHN DOE GARDNER, husband and wife, for violation of the Plaintiffs' civil rights guaranteed by the United States Constitution.

3. For Plaintiffs' costs, expenses, and reasonable attorney's fees pursuant to all applicable statutory authority including but not limited to 28 U.S.C. § 1920, 42 U.S.C. § 1988.

4. For such other and further relief as the court may deem just and equitable.

DATED at Spokane, Washington, this 13th day of August, 2019.

SWEETSER LAW OFFICE, PLLC

By: *s/ James R. Sweetser*
JAMES R. SWEETSER, ISB# 8658
Sweetser Law Office, PLLC
Attorneys for Plaintiff
1020 N. Washington
Spokane, WA 99201
Telephone#: 509-328-0678
Fax# 509-326-2932